UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-22281-CIV-UNGARO/SIMONTON

JULIEANN RICO,

    Plaintiff,

v.

SCHOOL BOARD OF MIAMI-DADE
COUNTY PUBLIC SCHOOLS, et al.

    Defendant.
_____/

## ORDER REQUIRING SUPPLEMENTAL FILING RE: DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS

Presently pending before the Court is Defendant School Board of Miami-Dade County Public Schools' Verified Motion for Attorneys' Fees and Motion for Bill of Costs (DE ## 104, 108). The Motions are fully briefed (DE ## 112, 113, 114, 115). The Honorable Ursula Ungaro, United States District Judge, has referred the motions to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Magistrate Rules of the Local Rules of the Southern District of Florida (DE # 105, 109).

    I.    <u>Background</u>

Plaintiff Julieann Rico initiated this action by filing a four-count Complaint in the Circuit Court of the Eleventh Judicial Circuit In and For Miami-Dade County, Florida, alleging that the School Board of Miami-Dade County Public Schools ("School Board") breached the Plaintiff's employment contract (Count I), committed abuse of process (Count III) and violated her due process rights pursuant to 42 U.S.C. § 1983 (Count IV), by improperly terminating her employment as the School Board attorney, following

1

allegations that Ms. Rico engaged in misconduct (DE # 1).[1]  Specifically, the Plaintiff alleged that, approximately three years into her four-year employment contract with the School Board, the Vice-Chair of the School Board began to inquire whether the Plaintiff received a moving expense allocation of $15,000 without ever having moved to Miami. The Plaintiff asserted that she responded to the inquiry by explaining that she had used a portion of the expense allocation to rent an apartment in Miami each summer during her employment and that she did not believe that such use was a violation of the terms of her employment contract.  Also, the Plaintiff asserted that the Inspector General had conducted an investigation into the allegations against her and concluded that the moving expense allocation language in the employment contract was "vague and oddly worded" and suggested that the School Board, and the Plaintiff never had a meeting of the minds on that issue (DE # 1 at 10).  Finally, the Plaintiff alleged that the School Board, in a letter advising of its intention to terminate her, additionally accused her of altering the written employment contract without the School Board's approval.

The Defendants removed this action to federal court based upon the Court's original jurisdiction over claims arising under 42 U.S.C. § 1983 (DE # 1).  The School Board Defendant filed its Answer and Affirmative Defenses, asserting, *inter alia*, that certain handwritten modifications of the Employment Agreement attached to the Plaintiff's Complaint were not approved by the School Board, and thus were not part of

---

[1] The Complaint also alleged that Dr. Marta Perez, individually and as a member of the School Board, defamed Ms. Rico by declaring and publishing false and defamatory statements about her, thereby damaging the Plaintiff's character and reputation (Count II). However, the Court dismissed that Count with prejudice, holding that Dr. Perez had an absolute privilege with respect to the alleged defamatory statements that formed the basis for Count II (DE # 11).

the Plaintiff's employment contract (DE # 5 at 5).

After substantial discovery was conducted and the Parties fully briefed Defendant's Motion for Summary Judgment and Plaintiff's Motion for Partial Summary Judgment, the Court granted Summary Judgment to the Defendant on Count IV of the Plaintiff's Complaint and remanded the remaining state-law claims (Counts I & II) to state court (DE # 100). In so doing, the Court determined that the undisputed evidence demonstrated that Plaintiff failed to meet the first element of her § 1983 due process claim because she held no property interest in her continued employment with the School Board, which was terminable at will (DE # 100 at 16). The Court further concluded that the Plaintiff also failed on the third element of her § 1983 claim because even if the Plaintiff did have a property interest in her continued employment, the record demonstrated that the School Board had provided her with constitutionally adequate process in terminating her employment. *Id*.

Plaintiff timely appealed the Court's Summary Judgment decision to the Eleventh Circuit Court of Appeals (DE # 103).

Thereafter, the Defendant filed the instant Motions seeking to recoup costs pursuant to 28 U.S.C. § 1920 and attorney's fees pursuant to 42 U.S.C. § 1988 associated with litigating Plaintiff's § 1983 claim. Relevant for this Order, Defendant seeks to recover $83,333.00 in attorney's fees, representing approximately one-third of the $254,293.00 total attorney's fees incurred in litigating the three claims asserted by Plaintiff against Defendant School Board in this action.

On December 3, 2010, the Eleventh Circuit dismissed the Plaintiff's appeal for want of prosecution (DE # 116).

3

II.     Award of Attorney's Fees pursuant to 42 U.S.C. § 1988

Under 42 U.S.C. § 1988, a prevailing defendant is entitled to recover attorney's fees if "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Persaud v. Orange County School Board*, 255 Fed. Appx. 477 (11th Cir. 2007) *citing Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (*quoting Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)) (internal quotations omitted).  However, the showing required to support a finding of frivolity is a "stringent" one. *Johnson v. Florida,* 348 F. 3d 1334, 1354 (11th Cir. 2003)(*citing Walker v. Nations Bank of Fla.*, 53 F.3d 1548, 1558 (11th Cir. 1995).

In addition, if a court determines that a plaintiff's failed civil rights claim was frivolous, but other claims alleged by the plaintiff are either successful or are remanded to a state court, a court may only award those attorney's fees to the defendant which are incurred solely because of the failed civil rights claim.  In *Quintana v. Jenne*, 414 F.3d 1306 (11th Cir. 2005), for example, the Eleventh Circuit Court of Appeals remanded a case to the district court to determine the appropriate fee to be awarded to a defendant who prevailed on a frivolous retaliation claim, where the trial court had also determined that the plaintiff's civil rights discrimination claim was not frivolous.  The reviewing Court, in reversing the trial court's award of all of the defendant's attorney's fees, opined that because the plaintiff had distinguished between the retaliation and the discrimination claims in his complaint, the trial court upon remand should award to the defendant only those attorney's fees "attributable exclusively to [the plaintiff's] frivolous retaliation claim." *Id.* at 1312.

Yesterday, in *Fox v. Vice*, No. 10-114, 2011 WL 2175211 (U.S. June 6, 2011), the

4

United States Supreme Court issued an opinion which resolved a split among several Circuit Courts of Appeals related to the award of attorneys fees to a prevailing defendant pursuant to 42 U.S.C. § 1988.  Specifically, the Court examined the propriety of awarding and the method of apportioning attorneys' fees to a defendant when a plaintiff's unsuccessful civil rights claims were litigated in tandem with potentially meritorious state law claims.[2]  In *Fox*, the Supreme Court, consistent with the approach used by the Eleventh Circuit Court of Appeals, clarified that while it was appropriate to award attorneys' fees to successful defendants when a plaintiff's civil rights claim was found to be frivolous, under § 1988, only those attorney's fees that would not have been incurred <u>but</u> <u>for</u> the plaintiff's frivolous civil rights claim, were recoverable by the defendant.  The Supreme Court stated, "Section 1988 permits the defendant to receive only the portion of his fees that he would not have paid but for the frivolous claim....So if a frivolous claim occasioned the attorney's fees at issue, a court may decide that the defendant should not have to pay them.  But if the defendant would have incurred those fees anyway, to defend against non-frivolous claims, then a court has no basis for transferring the expense to the plaintiff." *Id.* at *7.  The Court therefore remanded the case to the district court to determine whether the attorney's fees requested by the defendant were incurred <u>solely</u> because of the frivolous allegation, rather than merely from "work which [could] be distinctly traced to a plaintiff's frivolous claims," which was the broader standard applied by the district court.  Stated another way, even if the

---

[2]The Supreme Court granted certiorari review in the *Fox* case on November 1, 2010, shortly after the litigants herein completed their briefing on the same issue raised in *Fox,* and prior to the dismissal of the Plaintiff's appeal by the Eleventh Circuit Court of Appeals (DE # 116).

work benefitted the defense of the § 1983 claim, fees would not be awarded if the work also benefitted the defense of the state law claims.

In the case at bar, the Defendant has submitted a Verified Motion for Attorney's Fees asserting that because Plaintiff's § 1983 claim that was dismissed on summary judgment was frivolous, Defendant is entitled to attorney's fees pursuant to 42 U.S.C. § 1988. In the Motion, Defendant asserts that it incurred $254,293.00 in total attorney's fees in defending this action (DE # 108 at 10) and therefore seeks one-third of that amount, or $83,333, "because Plaintiff's Section 1983 claim is only one of the three claims she asserted." (DE # 115 at 6).

In Response, Plaintiff disputes that the § 1983 claim was frivolous and additionally argues that Defendant's fees request is unreasonable and not properly supported. Plaintiff asserts that there has been no showing that the Defendant would not have expended the vast majority of attorney time defending Plaintiff's surviving state claims anyway, and thus contends that the attorney's fees requested by the Defendant are not reasonable.[3]

In its Reply, Defendant explains that it is clear that more than one-third of counsels' time was occupied defending Plaintiff's Section 1983 claim and thus asserts

---

[3] Plaintiff requests that the Court hold an evidentiary hearing on the reasonableness of Defendant's attorney's fees (DE # 112 at 8). However, as noted in *Santhuff v. Seitz*, 385 Fed. Appx. 939 (11th Cir. 2010), although occasionally, evidentiary hearings are necessary before deciding whether to award attorney's fees, a hearing is not absolutely required. *Id*. at n. 5 citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1303 (11th Cir.1988). On the present state of the record, an evidentiary hearing would turn this matter into a second major litigation which clearly is not the purpose of a fee-shifting statute.

that the amount requested by Defendant is reasonable and properly supported by detailed time sheets.

In the Defendant's Motion, Defendant has failed to assert that the attorney's fees sought would not have been incurred but for the Plaintiff's frivolous civil rights claim.[4]  Rather, Defendant seeks to recover one-third of its actual incurred attorney's fees based upon its assessment that at least some of the issues covered during the discovery process related to all three of Plaintiff's claims.  Defendant contends that through this method of calculation, the School Board is giving the Plaintiff the benefit of the doubt because defending the Plaintiff's due process claim undoubtedly occupied well over one-third of the Defendant's counsel's time.

However, it is clear from the applicable case law, and particularly the Supreme Court's *Fox* decision, that this arbitrary approach is insufficient to determine the amount of attorney's fees that defendant will be entitled to if a finding of frivolity is made in this case.  Defendant has utterly failed to provide the Court with any reasonable way of determining which attorney's fees were incurred solely because of Plaintiff's § 1983 claims, and which attorneys' fees would have been incurred in defending Plaintiff's surviving claims even in the absence of such a claim.  Indeed, even a cursory review of the billing records submitted by Defendant in support of its Motion demonstrates that Defendant's documentation on this issue is inadequate.  By way of example, one of the billing entries related to the preparation of Defendant's motion for summary judgment does not specify the time spent on a particular claim but rather

---

[4] It appears that Defendant may be claiming fees for work that assisted in defending both the § 1983 claims and the state law claims.

states, "Drafting motion for summary judgment; 5.00" hours (DE # 108-2 at 38).

Thus, in the current Motion, the Defendant has both failed to apply the correct "but for" standard for compensable attorney's fees under the facts of this case, and further has failed to provide the Court with sufficient documentation for the Court to review those fees.  Therefore, the Defendant must supplement its request for attorney's fees before this Court is able to determine a fee award in this case.

### III. Conclusion

Therefore, for the reasons stated above, it is hereby

**ORDERED** that on or before June 17, 2011, Defendant School Board of Miami-Dade Count Public Schools shall supplement its Verified Motion for Attorneys' Fees and provide the Court with specific facts and time records to demonstrate that the attorney's fees sought by Defendant pursuant to 42 U.S.C. § 1988, would not have been incurred but for Plaintiff's 42 U.S.C. § 1983 claim.  Plaintiff shall have seven days from the date of the Defendant's supplemental filing to file a response.  The parties shall consult prior to June 17, 2011, in an effort to reach agreement regarding the reasonable amount of fees attributable exclusively to the defense of the § 1983 claim based upon the *Fox* standard.

**DONE AND SUBMITTED** in chambers in Miami, Florida on June 7, 2011.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
All counsel of record